IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 19, 2015 Session

## STATE OF TENNESSEE v. DEVON ELLIOTT CRUZE, ALIAS

**Appeal from the Criminal Court for Knox County**
**No. 103949     G. Scott Green,  Judge**

_____

**No. E2014-01847-CCA-R3-CD – Filed August 27, 2015**

_____

The Defendant, Devon Elliott Cruze, alias, appeals as of right from the Knox County Criminal Court's denial of judicial diversion and order that he serve his two-year sentence in split confinement following his guilty-pleaded convictions for two counts of theft of property and one count of burglary of an automobile. See Tenn. Code Ann. §§ 39-14-103, -14-402. On appeal, the Defendant contends that the trial court erred by failing to consider the applicable factors for judicial diversion and by denying judicial diversion. The Defendant further contends that the trial court erred by ordering his sentences for non-violent property offenses be served in split confinement in violation of Tennessee Code Annotated section 40-35-122. Following our review, we conclude that the trial court did not properly set forth the factors to be considered when denying judicial diversion and that this case should be remanded for a sentencing hearing where the trial court is instructed to consider and weigh the applicable factors on the record. Furthermore, we conclude that the trial court erred by sentencing the Defendant to a period of continuous confinement for a non-violent property offense. Therefore, the Defendant's sentence is vacated and, on remand, the trial court should impose a sentence in accordance with Tennessee Code Annotated section 40-35-122.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Reversed;**
**& Case Remanded**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and CAMILLE R. MCMULLEN, J., joined.

Mark Stephens, District Public Defender; Jonathan Harwell (on appeal), and Kate Holtkamp and Christy Murray (at trial and on appeal), Assistant District Public Defenders, for the appellant, Devon Elliott Cruze, alias.

Herbert H. Slatery III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; Charme P. Allen, District Attorney General; and Zane Scarlett and Patricia Cristil, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

FACTUAL BACKGROUND

The Defendant's guilty-pleaded convictions arose from incidents of burglary and theft perpetrated by the Defendant and his brother on several of their neighbors. The Defendant was eventually indicted for theft of property valued at more than $500 but less than $1,000, a Class E felony, burglary of an automobile, a Class E felony, and theft of property valued at $500 or less, a Class A misdemeanor. See Tenn. Code Ann. §§ 39-14-103, -14-105, -14-402. On July 30, 2014, the Defendant pled guilty as charged in the indictment.

At the guilty plea submission hearing, the State provided the following factual accounts underlying the offenses. Regarding Count 2 of the indictment, on June 30, 2013, the Defendant broke into the automobile of one of his neighbors and stole a "Ruger firearm." Police were able to connect the burglary to the Defendant after matching his fingerprints with latent fingerprints obtained from the car. The Defendant was arrested and subsequently made bond. Relative to Count 1, the State provided that on November 8, 2013, while out on bond, the Defendant broke into an "outbuilding" and stole the following items: a backpack, a Thompson .50 caliber muzzleloader, two boxes of ammunition, two DeWalt battery chargers, and knives. After police received information regarding this burglary, officers went to the Defendant's home where they spoke with his mother. The Defendant's mother provided consent to search the premises, and the officers found property that had been stolen from the outbuilding. The State provided no factual basis for Count 3 of the indictment, although the Defendant did plead guilty to that count.[1]

---

[1] We note that "the existence of a factual basis may be shown by numerous sources in the record, whether it be a prosecutor's statement of evidence, live testimony[,] or otherwise." State v. Lord, 894 S.W.2d 312, 316 (Tenn. Crim. App. 1994). The indictment was read into the record prior to the Defendant's entry of his guilty plea. Count three of the indictment alleged that the Defendant

> [o]n or about [November 8, 2013] . . . did unlawfully and knowingly obtain and exercise control over property, to-wit: cell phone and other items thereof unknown, of the value of [$500] or less, of [the victim] without his effective consent, with intent to deprive the said [victim] thereof, in violation of [Tennessee Code Annotated section] 39-14-103.

When asked whether he was "guilty as charged to theft a class A misdemeanor in count three," the Defendant responded, "Yes ma'am."

As part of the plea agreement, the Defendant was allowed to make applications for probation and judicial diversion. As additional terms of the agreement, the trial court sentenced the Defendant to one year each for the offenses of theft of property valued at more than $500 but less than $1,000 and burglary of an auto and ordered those sentences to run consecutively. For the charge of theft of property valued at $500 or less, the trial court sentenced the Defendant to eleven months and twenty-nine days and ordered that sentence to be served concurrently.

At the September 10, 2014 sentencing hearing, Larry Wood, one of the victims, testified that he lived in the same neighborhood as the Defendant and that there had been an ongoing problem with the Defendant and his brother breaking into cars and homes in the area. Mr. Wood stated that neither the Defendant nor his brother understood the gravity of their actions and that it was "like a joke to them." Mr. Wood recounted a "cuss fight" that occurred between himself and the Defendant's brother near Mr. Wood's mailbox. According to Mr. Wood, he was retrieving mail from his mailbox at the end of his driveway, while the Defendant and his brother were walking down the road. The Defendant's brother "came down screaming and yelling, [and] went to cussing." Mr. Wood said that he got into a "heated argument," and the Defendant's brother told him, "We're not scared of nobody around here. Neighbors don't scare us. We've stole nothing." Mr. Wood clarified that the Defendant was not involved in this exchange but was merely standing in the road.

The Defendant testified, and he agreed that Mr. Wood's recounting of the altercation was correct. He also denied being involved in the confrontation between his brother and Mr. Wood, and he stated that he "grabbed [his] brother and pulled him on." The Defendant had recently completed a drug treatment program and had a full-time job. He apologized for his actions and stated that drug treatment had "helped [him] to be a better person" and that he was "working on paying [his] restitution." The Defendant stated that he was "finally getting everything straightened out" and that he was "completely clean."

Following argument from the prosecutor and defense counsel, the trial court denied judicial diversion. The court noted that the Defendant's juvenile record did not contain anything of "grand significance" but that the Defendant had "graduated to more serious problems when he became an adult." The court noted that the Defendant had been arrested for aggravated criminal trespass in April 2013, although that charge was eventually dismissed. Also in 2013, the Defendant was arrested for various motor vehicle offenses, including driving on a suspended license, failure to stop and render aid, driving without a valid license plate, and reckless driving. These charges were dismissed in July 2014, which the trial court assumed was "part and parcel of the agreement in this

-3-

case." The court recounted that in August 2013, the Defendant was arrested for automobile burglary and theft, two of the underlying offenses in the present case. Then, in September 2013, he was arrested for driving while his license was revoked, speeding, and violation of the financial responsibility law. In November 2013, the Defendant was again arrested for driving while his license was revoked and, finally, he was arrested for assault in April 2014.

After recounting the Defendant's criminal history, the trial court stated that it could not "in good [conscience] place [the Defendant] on judicial diversion . . . ." The trial judge then said,

> What is frustrating to the [c]ourt, and I am appreciative of Mr. Wood's candor that you weren't the person, it was your brother, who was precipitating most of the cuss fight, as Mr. Wood put it, but quite frankly neither one of you all should've been anywhere near his property. You had been arrested and charged with stealing from him, there's no reason he should've had to look at either one of you two.

> It quite frankly, I'll try to be delicate about it, it troubles the [c]ourt. It makes me angry when I read about somebody who's been victimized and then they're having to stand at the foot of their driveway when they're trying to get their mail and have to argue with the people who have stolen their hard-earned property.

Thereafter, the trial court stated that it was "going to give [the Defendant] a little bit better taste of [jail]" and sentenced him to a period of sixty days in the Knox County jail, with the remainder of his two-year sentence to be served on supervised probation. It is from this decision that the Defendant now timely appeals.

## ANALYSIS

On appeal, the Defendant first contends that the trial court failed to place on the record the relevant factors to be considered when deciding whether to grant or deny judicial diversion. The Defendant also asserts that the trial court's ultimate decision to deny diversion was error. Finally, the Defendant contends that the trial court's sentence of sixty days' continuous confinement followed by supervised probation violated Tennessee Code Annotated section 40-35-122. The State responds that the trial court did consider the appropriate factors and that its ultimate decision to deny judicial diversion was supported by the record. Additionally, the State agrees with the Defendant that the Defendant's sentence violates the relevant statute. We will address each issue in turn.

*I. Judicial Diversion*


There is no dispute that the Defendant was eligible for judicial diversion. See Tenn. Code Ann. § 40-35-313(a)(1)(B). The decision to grant judicial diversion lies within the sound discretion of the trial court. State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). When the trial court has placed "on the record its reasons for granting or denying judicial diversion," the determination should be given a presumption of reasonableness on appeal and reviewed for an abuse of discretion. State v. King, 432 S.W.3d 316, 327 (Tenn. 2014). We may not revisit the issue so long as the record contains any substantial evidence to support the trial court's action. Parker, 932 S.W.2d at 958.

When making a determination regarding judicial diversion, the trial court must consider the following factors: (1) the defendant's amenability to correction; (2) the circumstances of the offense; (3) the defendant's criminal record; (4) the defendant's social history; (5) the defendant's mental and physical health; (6) the deterrent effect of the sentencing decision to both the defendant and other similarly situated defendants; and (7) whether judicial diversion will serve the interests of the public as well as the defendant. State v. Electroplating, Inc., 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998) (citing Parker, 932 S.W.2d at 958); see also King, 432 S.W.3d at 326 (reaffirming that the Electroplating requirements "are essential considerations for judicial diversion").

A trial court is "not required to recite all of the Parker and Electroplating factors when justifying its decision on the record in order to obtain the presumption of reasonableness." King, 432 S.W.3d at 327. However, "the record should reflect that the trial court considered the Parker and Electroplating factors in rendering its decision and that it identified the specific factors applicable to the case before it." Id. If the trial court "fails to consider and weigh the applicable common law factors, the presumption of reasonableness does not apply and the abuse of discretion standard . . . is not appropriate." Id. "In those instances, the appellate courts may either conduct a de novo review or . . . remand the issue for reconsideration." Id. at 328.

The record clearly establishes that the trial court did not consider the factors set forth in Parker and Electroplating. The only factor explicitly addressed by the trial court was the Defendant's criminal record. Furthermore, the trial court focused much of its decision on the confrontation that occurred between the Defendant's brother and one of the victims. While we note that the Defendant lived in the same neighborhood as the victims, as part of his plea agreement, the Defendant agreed to have no contact with the victims. However, both Mr. Wood and the Defendant made clear that the Defendant did

-5-

not engage the victim or participate in the altercation in any way. Instead, the Defendant testified that he was walking down the road with his brother when his brother instigated a verbal argument with one of the victims, who happened to be standing at the end of his driveway. We agree that the Defendant should have made more of an effort to avoid any interaction, with the victims, however slight, but the trial court should not have unduly focused on this incident to the exclusion of the other applicable factors.

In State v. Bise, our supreme court reiterated that "the trial court is in a superior position to impose an appropriate sentence and articulate the reasons for doing so." 380 S.W.3d 682, 705 n.41 (Tenn. 2012). Because the trial court only considered one of the applicable factors, we believe this is an appropriate case for remand. See id. (noting that "appellate courts cannot properly review a sentence if the trial court fails to articulate in the record its reasons for imposing the sentence" and that, therefore, certain cases may remain more appropriate for remand). On remand, the trial court should state clearly which of the Parker and Electroplating factors that it finds are applicable to the Defendant's case and should weigh those factors before arriving at a decision to either grant or deny the Defendant's request for judicial diversion. See King, 432 S.W.3d at 327.

## II. Tennessee Code Annotated Section 40-35-122

Next, we turn to the Defendant's argument that his sentence of continuous confinement was contrary to Tennessee Code Annotated section 40-35-122. The State concedes the point, acknowledging that because the Defendant was convicted for non-violent property offenses, a period of continuous confinement was not authorized by the statute.

Tennessee Code Annotated section 40-35-122 governs sentencing for non-violent property offenses, and it provides, in pertinent part, as follows:

(a) Notwithstanding any provision of law to the contrary, except as provided in subsection (b), the judge sentencing a defendant who commits a non-violent property offense, as defined in subsection (c), on or after July 1, 2010, shall not be authorized to impose the sentencing alternatives of continuous confinement in a local jail or the department of correction as authorized by [section] 40-35-104(c)(5), (c)(6), or (c)(8). However, the judge may sentence the defendant to any of the other sentencing alternatives authorized by [section] 40-35-104(c), which include, but are not limited to, periodic confinement, work release, community corrections, probation, or judicial diversion.

(b)(1) A defendant convicted of an offense set out in subsection (c) may be sentenced to any of the sentencing alternatives authorized by [section] 40-25-204(c), including a period of continuous confinement, if the sentencing judge determines the defendant:

> (A) Has at least one (1) prior conviction at the time the subsection (c) offense is committed; or

> (B) Violated the terms and conditions of the alternative sentence originally imposed upon the defendant pursuant to subsection (a).

. . . .

(c) As used in this section, a non-violent property offense is:

> (11) Felony theft of property under [section] 39-14-103, where the amount of the theft is less than one thousand dollars ($1,000); [and]

> . . . .

> (18) Burglary of an auto under [section] 39-14-402(a)(4) . . . .

The Defendant was convicted of theft of property valued at more than $500 but less than $1,000, burglary of an automobile, and theft of property valued at $500 or less, each of which is a non-violent property offense as defined by Tennessee Code Annotated section 40-35-122(c). The Defendant had no prior convictions and had not violated another alternative sentence at the time he committed the present offenses. The trial court sentenced the Defendant to continuous confinement for sixty days with the balance to be served on supervised probation. Although in general application that sentence is authorized by Tennessee Code Annotated section 40-35-104(c)(5), section 40-35-122 is more specific and makes clear that, under 40-35-104(c)(5), a sentence is not available in cases where a defendant has been convicted of a non-violent property offense. Therefore, we agree with both the Defendant and the State that the Defendant's sentences should be vacated, and this cause is remanded to the trial court with instructions to impose a sentence authorized by the applicable statutes, in the event that the trial court denies judicial diversion after considering all the applicable factors.

## CONCLUSION

Based on the foregoing and the record as a whole, the Defendant's sentence is vacated, and this case is remanded for a new sentencing hearing consistent with this opinion.

_____
D. KELLY THOMAS, JR., JUDGE